| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Fanny Wan (SBN 27606)<br>Robertson, Anschutz, Schneid & Crane LLP<br>350 10th Avenue, Suite 1000<br>San Diego, CA 92101<br>Telephone: (470) 321-7112 ext. 52286<br>Email: fwan@raslg.com | |
| ☐ Individual appearing without attorney<br>☒ Attorney for: Movant | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

In re:

Maria Mercedes Ibarra de Acosta,

Debtor(s).

CASE NO.: 8:19-bk-12279-TA

CHAPTER: 13

**DECLARATION OF** Diego Rojas

**RE: DEFAULT UNDER ADEQUATE PROTECTION ORDER; REQUEST FOR ENTRY OF ORDER GRANTING RELIEF FROM STAY**

DATE: October 6, 2020
TIME: 10:30 AM
COURTROOM: 5B
PLACE: 411 West Fourth Street,
Santa Ana, CA 92701-4593

I, (*print name of declarant*), Diego Rojas, Contract Management Coordinator declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would testify competently hereto. I am over 18 years of age.

2. On 10/06/2020 the court entered an order conditioning continuation of the automatic stay in the above-entitled bankruptcy case on the performance by the Debtor of certain obligations for the benefit of (*name of Movant*) Wells Fargo Bank, National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-BC1 (Adequate Protection Order). A true and correct copy of the Adequate Protection Order is attached hereto as Exhibit "A."

3. I have knowledge regarding the Debtor's performance (or lack of performance) under the terms of the Adequate Protection Order because (*specify*):

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012           Page 1           F 4001-1.DEC.DEFAULT.ADEQ

☐ I am the party for whose benefit the Adequate Protection Order was entered (Movant), and the Adequate Protection Order required the Debtor to make payments directly to me.

☐ I am counsel for the Movant and the Adequate Protection Order required the Debtor to make payments directly to me.

☐ I am employed as _____ for the Movant and, as such, am one of the custodians of the books, records and files of Movant that relate to payments received from the Debtor. I have personally worked on those books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

☒ Other (*specify*):

I am employed as Contract Management Coordinator for PHH Mortgage Corporation and in this position, I have access to the business records of PHH Mortgage Corporation and my responsibilities include ascertaining and verifying amounts due and payable as to delinquent bankruptcy accounts. I make thisdeclaration based upon my review of the records with regard to this underlying loan transaction.

4. The Debtor defaulted upon his/her/its obligations under the Adequate Protection Order by (*specify*):

☒ Failing to make the payment(s) due (*date(s)*) _10/01/2022 - 12/01/2022 (Monthly Payments)_ under the terms of the Adequate Protection Order.

☐

☐ Other (*specify*):

5. ☒ a. Movant caused a notice of default (Notice) identifying the default(s) referenced in paragraph 4 above to be served on the Debtor on (*date*) _11/18/2022_. A true and correct copy of the Notice is attached hereto as Exhibit "B."

☐ b. Movant was not required to serve a notice of the default specified in paragraph 4, because the Adequate Protection Order only required Movant to serve a maximum of (*number*) ____ notices of default and Movant had already served the required number of notices of default (collectively the "Notices") at the time the default specified in paragraph 4 occurred. Copies of all of the Notices are attached hereto as Exhibit "B."

6. Debtor failed to cure the defaults identified in the Notice within the cure period established by the Adequate Protection Order.

7. In light of the foregoing, under the terms of the Adequate Protection Order, Movant is entitled to relief from the automatic stay. Concurrently herewith, Movant is lodging a proposed form of order granting Movant relief from the automatic stay.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/31/2023 | Diego Rojas, Contract Management Coordinator | *(signed)* Diego Rojas |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
350 10th Ave., Suite 1000
San Diego, CA 92101

A true and correct copy of the foregoing document entitled: **DECLARATION OF** Diego Rojas _____ **RE: DEFAULT UNDER ADEQUATE PROTECTION ORDER; REQUEST FOR ENTRY OF ORDER GRANTING RELIEF FROM STAY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 02/02/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Amrane (SA) Cohen (TR)    efile@ch13ac.com
Theron S Covey    tcovey@raslg.com, sferry@raslg.com
Sean C Ferry    sferry@raslg.com, sferry@ecf.courtdrive.com
Benjamin Heston    bhestonecf@gmail.com, benheston@recap.email, NexusBankruptcy@jubileebk.net
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Fanny Zhang Wan    fwan@raslg.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 02/02/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Debtor
Maria Mercedes Ibarra de Acosta
1610 S. Flower Street
Santa Ana, CA 92707

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/02/2023 | Fanny Wan | /s/ Fanny Wan |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 3    F 4001-1.DEC.DEFAULT.ADEQ

# EXHIBIT "A"

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Sean C. Ferry (CA SBN 310347)<br>Robertson, Anschutz & Schneid, LLP<br>350 10th Avenue, Suite 1000<br>San Diego, CA 92101<br>Telephone: (561) 241-6901 ext 2036<br>Email: sferry@rasflaw.com | **FILED & ENTERED**<br><br>OCT 06 2020<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY steinber DEPUTY CLERK |
| ☒ Attorney for Movant<br>☐ Movant appearing without an attorney | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA –SANTA ANA DIVISION**

| In re:<br><br>Maria Mercedes Ibarra de Acosta,<br><br>    Debtor. | CASE NO.: 8:19-bk-12279-TA<br>CHAPTER: 13<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)**<br><br>DATE: October 6, 2020<br>TIME: 10:30 a.m.<br>COURTROOM: 5B<br>PLACE: 411 West Fourth Street, Suite 5085<br>Santa Ana, CA 92701-4593 |
|---|---|

**Movant:** Wells Fargo Bank, National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-BC1

1. The Motion was:  ☒ Opposed   ☐ Unopposed   ☒ Settled by stipulation

2. The Motion affects the following real property (Property):

   Street address:   1610 S. Flower Street
   Unit/suite number:
   City, state, zip code:   Santa Ana, CA 92707
   Legal description or document recording number (including county of recording):

   ☒ See attached page.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                   Page 1                                           F 4001-1.RFS.RP.ORDER

3. The Motion is granted under:

    a. ☐ 11 U.S.C. § 362(d)(1)

    b. ☐ 11 U.S.C. § 362(d)(2)

    c. ☐ 11 U.S.C. § 362(d)(3)

    d. ☐ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

        (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

        (2) ☐ Multiple bankruptcy cases affecting the Property.

        (3) ☐ The court  ☐ makes  ☐ does not make  ☐ cannot make a finding that the Debtor was involved in this scheme.

        (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☐ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a. ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.

    b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

    c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☐ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not conduct a foreclosure sale of the Property before (date) _____.

7. ☒ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☐ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 2    F 4001-1.RFS.RP.ORDER

13. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

14. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

18. ☐ Other (*specify*): Supplemental itemized exhibit "A" is attached.

###

Date: October 6, 2020

Theodor C. Albert
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                            Page 3                                            F 4001-1.RFS.RP.ORDER

Exhibit A

# SUPPLEMENT TO ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)

In Re:
Debtor: Maria Mercedes Ibarra de Acosta
Case No.: 8:19-bk-12279-TA

The post-petition arrears listed in paragraph 3 of the Adequate Protection Agreement are calculated as follows:

**Monthly Mortgage Payments**:

| Payment Due Date | Monthly Payment Amount | Missed Payments |
|---|---|---|
| 4/1/2020 – 9/1/2020 | $1,749.02 | 6 |
| | TOTAL: | $10,494.12 |

**Attorney's Fees & Costs for the Motion**:
Attorney's Fees:                $1050.00
Costs (Filing Fee):             $181.00
**TOTAL:**                      **$1,231.00**

**Total Arrears**:
Post-Petition Delinquent Payments:    $10,494.12
Fees & Costs                          $1,231.00
LESS: Suspense                        ($799.19)
**TOTAL:**                            **$10,925.93 (the "Post-Petition Arrears")**

ORDER NO: 74437

Exhibit "A"

**DESCRIPTION**

THE LAND REFERRED TO IN THIS REPORT IS SITUATED IN THE **STATE OF CALIFORNIA, COUNTY OF ORANGE, CITY OF SANTA ANA,** AND IS DESCRIBED AS FOLLOWS:

THE NORTH 60 FEET OF THE SOUTH 120 FEET OF THE FOLLOWS:

THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER OF THE NORTHWEST QUARTER OF SECTION 24, TOWNSHIP 5 SOUTH, RANGE 10 WEST OF SAN BERNARDINO BASE AND MERIDIAN.

013-231-05

# ADEQUATE PROTECTION AGREEMENT

*(This attachment is the continuation page for paragraph 7 of this order.)*

The stay remains in effect subject to the following terms and conditions:

1. ☐ The Debtor tendered payments at the hearing in the amount of $_____.

2. ☒ The Debtor must make regular monthly payments in the amount of $1,780.23 commencing *(date)* October 1, 2020. The amount of these payments may be subject to change under the terms of the parties' original agreements. All payments due Movant under this Adequate Protection Agreement must be paid to Movant at the following address:
   Pay to: PHH Mortgage Services
   Mailstop SBRP
   PO Box 5469
   Mt. Laurel, NJ 08054

3. ☒ The Debtor must cure the postpetition default computed through September 25, 2020 in the sum of $10,925.92, as follows:

    a. ☐ In equal monthly installments of _____ each commencing *(date)* _____ and continuing thereafter through and including *(date)* _____.

    b. ☐ By paying the sum of $_____ on or before *(date)*. _____

    c. ☐ By paying the sum of $_____ on or before *(date)* _____,

    d. ☐ By paying the sum of $_____ on or before *(date)* _____,

    e. ☒ Other *(specify)*: The post-petition arrears and attorney's fees for the motion will be paid by the Chapter 13 Trustee through the life of the Chapter 13 Plan after Movant files a form 410S2 which will state the amount of post-petition arrears through September 25, 2020.

4. ☐ The Debtor must maintain insurance coverage on the Property and must remain current on all taxes that fall due postpetition with regard to the Property.

5. ☐ The Debtor must file a disclosure statement and plan on or before *(date)* _____
   The disclosure statement must be approved on or before *(date)* _____
   The plan must be confirmed on or before *(date)* _____

6. ☒ Upon any default in the terms and conditions set forth in paragraphs 1 through 5 of this Adequate Protection Agreement, Movant must serve written notice of default to the Debtor and the Debtor's attorney, if any. If the Debtor fails to cure the default within 14 days after service of such written notice:

    a. ☐ The stay automatically terminates without further notice, hearing or order.
    b. ☒ Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the court may grant without further notice or hearing.
    c. ☐ The Movant may move for relief from the stay upon shortened notice in accordance with LBRs.
    d. ☐ The Movant may move for relief from the stay on regular notice.

7. ☒ Notwithstanding anything contained in this Adequate Protection Agreement to the contrary, the Debtor shall be entitled to a maximum of *(number)* 3 notices of default and opportunities to cure pursuant to the preceding paragraph. Once the Debtor has defaulted this number of times on the obligations imposed by this order and has been served with this number of notices of default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If an event of default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform under this Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 4    F 4001-1.RFS.RP.ORDER

8. ☒ This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

9. ☒ If Movant obtains relief from stay based on the Debtor's defaults under this Adequate Protection Agreement, the order granting such relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

10. ☒ Movant may accept any and all payments made pursuant to this order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

11. ☐ Other (*specify*):

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                              Page 5                              F 4001-1.RFS.RP.ORDER

**EXHIBIT "B"**



**RAS**

ROBERTSON, ANSCHUTZ, SCHNEID, & CRANE LLP

LAW OFFICES

| | | |
|---|---|---|
| James Robertson, ESQ<br>Member of Texas Bar | Everett Anschutz, ESQ<br>Member of Texas Bar | David J. Schneid, ESQ<br>Member of Florida Bar |
| John Crane, ESQ<br>Member of Texas Bar | Sean Ferry, ESQ Associate Attorney<br>Member of California Bar | |

November 18, 2022

**Maria Mercedes Ibarra de Acosta**
1610 S. Flower Street
Santa Ana, CA 92707

**Benjamin Heston**
100 Bayview Circle, Suite 100
Newport Beach, CA 92660
Email: bhestonecf@gmail.com

SENT VIA EMAIL AND U.S. MAIL

RE: Notice of Default for Maria Mercedes Ibarra de Acosta
Case No: 8:19-bk-12279-TA

Dear Sir/Madam,

I represent PHH Mortgage Corporation, as servicer for Wells Fargo Bank, National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-BC1, for mortgage on your property located at 1610 S. Flower Street, Santa Ana, CA 92707. Please consider this letter as a Notice of Default under the terms of the Stipulation for Adequate Protection. (DE #46 & 48) ("Stipulation").

According to Wells Fargo Bank, the Debtor has not made the following payments pursuant to the Stipulation. Pursuant to the Stipulation, entered on October 1, 2020, Wells Fargo Bank hereby provides notice demanding the default be cured within fourteen (14) days of the date of this notice.

The breakdown of the Debtors' default is as follows:

Payments Due:

| | |
|---|---|
| September 1, 2022 Post-Petition Payment | $2,034.80 |
| October 1, 2022 Post-Petition Payment | $2,231.11 |
| November 1, 2022 Post-Petition Payment | $2,231.11 |
| | |
| Attorney Fees | $100.00 |
| Less Suspense | ($1,514.45) |
| | |
| **Total Amount Due to Cure Default:** | $5,082.57 |

The address where payments should be sent is:
PHH Mortgage Services
PO BOX 24781 ATTN: SV 19
West Palm Beach, FL 33416

Pursuant to the Stipulation, failure to cure this default within fourteen (14) days from the date of this notice will result in Wells Fargo Bank filing an order terminating the automatic stay.

Please notify me once the payment has been sent, and please provide me with proof of the payment as well. Should you have any further questions, please feel free to contact me.

Sincerely,

/s/ Fanny Wan
Fanny Wan, Esquire
Attorney for Secured Creditor
350 10th Avenue, Suite 1000
San Diego, CA 92101
Email: fwan@raslg.com

**PHH MORTGAGE**

PHH Mortgage Services
PO Box 24605
West Palm Beach, FL 33416

Tel 877-688-7116
Fax 856-917-8003

## **IMPORTANT NOTICE**

Upon written request, PHH Mortgage Services will provide the following information regarding the subject loan:

- A copy of the payment history through the date the account was last less than 60 days past due.
- A copy of the note.
- If foreclosure has been commenced or a POC has been filed, copies of any assignments of mortgage or deed of trust required to demonstrate the right to foreclose on the borrower's note under applicable state laws.
- The name of the investor that holds the loan.

Requests for this information/documentation can be sent to us at the following address:

PHH Mortgage Services
Attn: Bankruptcy Department
PO Box 24605
West Palm Beach, FL 33416

This notice is being provided for informational and compliance purposes only. It is not an attempt to collect a debt.